UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION,

          Plaintiff,

v.

SIMPSON STRONG-TIE COMPANY INC.,

          Defendant.

Civil Action No.

District Judge
Magistrate Judge

David J. Gass (P34582)
D. Andrew Portinga (P55804)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue, S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Stryker Corporation ("Stryker"), through its counsel, for its complaint against Defendant, Simpson Strong-Tie Company Inc. ("Simpson"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391.

3. There is an actual controversy between Stryker and Simpson in that Simpson has accused Stryker of infringing Simpson's QUIK DRIVE trademark for its specialized auto-feed screw driving systems used in construction applications by Stryker's use of its QUIKDRIVE

trademark for highly specialized screwdrivers used by surgeons in orthopedic surgery. Simpson has demanded that Stryker cease and desist from all use of its QUIKDRIVE mark in association with its products for orthopedic surgery, and has threatened legal action against Stryker for trademark infringement.

4. This Court has personal jurisdiction over Simpson because, upon information and belief, Simpson directly or indirectly does business in this judicial district, has sufficient minimum contacts with this judicial district, and has committed acts within this judicial district giving rise to this action.

## PARTIES

5. Plaintiff, Stryker Corporation ("Stryker"), is a corporation of the State of Michigan, having its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

6. Defendant, Simpson Strong-Tie Company Inc. ("Simpson"), is a corporation of the State of California, having its principal place of business at 5956 W. Las Positas Boulevard, Pleasanton, California 94588.

## FACTUAL BACKGROUND

7. Stryker is a medical device company based in Kalamazoo, Michigan. Stryker is a recognized leader in the worldwide orthopedic medical technology market and has been at the forefront in the development of orthopedic devices.

8. As part of its orthopedic implant business, Stryker has developed specialized screwdrivers with battery packs and trays for specific use by surgeons for orthopedic implants. Since September 5, 2007, Stryker adopted and has used the mark QUIKDRIVE for such products.

9. Stryker's QUIKDRIVE screwdrivers are supplied only to orthopedic surgeons for use with orthopedic implants that can only be sold following FDA review. These customers are highly sophisticated in terms of understanding the product's requirements for use and the source of the product.

10. On October 21, 2011, Stryker filed an application with the U.S. Patent and Trademark Office ("USPTO") to register the mark QUIKDRIVE for "surgical instruments for orthopedic surgery, namely, screwdrivers, battery packs, trays" in class 10. Following examination, on June 5, 2012, the USPTO granted Stryker U.S. Trademark Registration No. 4,154,146, covering the mark QUIKDRIVE for such products. A copy of this registration is attached as **Exhibit A**.

11. Since September 5, 2007, Stryker has supplied its QUIKDRIVE screwdrivers only to hospitals for use by orthopedic surgeons in connection with orthopedic implants sold following FDA review. Stryker's QUIKDRIVE screwdrivers have never been promoted to the general public or to workers involved in the construction trades, and could not be used in any application outside of orthopedic implants.

12. Simpson represents itself to be a "manufacturer of structural connecting systems for wood, steel, masonry, concrete and composite wood building construction," and its website, www.strongtie.com/about/company/our-history, describes the company as follows:

> Today, Simpson Strong-Tie is the world leader in structural product solutions — solutions that not only help our customers, but help make structures safer and stronger. The company is recognized as the genuine connector brand in the residential construction industry, and also for its ever-expanding offering of shearwalls, moment frames and fasteners. In the last two decades, the company has expanded further with products for infrastructure, commercial and industrial construction, including mechanical anchors, adhesives and products that repair, protect and strengthen concrete and masonry.

(*See* attached **Exh. B**.)

13. Among Simpson's products are its QUIK DRIVE auto-feed screw driving systems designed for various construction applications. These systems are designed to automatically supply screws, one after the other, to increase the speed of construction work. Simpson's website shows auto-feed screw driving systems that can be used for structure steel-decking, drywall, subfloor, decking, roofing tiles, wood-to-steel systems, metal roofing/siding, underlayment/backer board and similar such construction applications. (*See* attached **Exh. C**.)

14. Simpson purports to be the owner of U.S. Trademark Registration No. 1,544,189 for the mark QUIK DRIVE covering screwdriver attachments for power operated tools, and magazines and belts for feeding and carrying screws for power screwdrivers in class 7. A copy of this registration is attached as **Exhibit D**.

15. Simpson purports to be also the owner of U.S. Trademark Registration No. 2,133,981 for the mark QUIK DRIVE covering metal screws in class 6, and power screwdrivers with attachments and accessories for power fastener installation tools in class 7. A copy of this registration is attached as **Exhibit E**.

16. Not only are the goods set forth in Stryker's Registration No. 4,154,146 different in application of use from the goods set forth in Simpson's Registrations Nos. 1,544,189 and 2,133,981, but those goods are also in different classes, which highlight the different functions and uses of the goods. Simpson's goods are in classes 6 and 7, which include metal building materials and machines, and machine tools, whereas Stryker's goods are in class 10, which covers surgical and medical apparatus and instruments.

17. On January 23, 2017, Simpson's attorneys sent a letter to Stryker in Kalamazoo, Michigan, claiming that Stryker's use of the QUIKDRIVE mark for screwdrivers used for

orthopedic surgery infringes Simpson's registered trademark QUIK DRIVE for auto-feed screw driving systems used in construction.  Simpson also demanded that Stryker cease and desist from further use of the QUIKDRIVE mark, delete or destroy all infringing uses, and inform all distributors, wholesalers, and retailers to cease and desist all use of the QUIKDRIVE mark.  A copy of the letter sent by Simpson's attorney is attached as **Exhibit F**.

18. On February 3, 2017, Stryker's attorneys responded, pointing out that there could be no likelihood of confusion or infringement because Stryker's QUIKDRIVE products were marketed and used only in the highly specialized orthopedic device field, which has no overlap with the construction field, Stryker's customers are highly sophisticated, and despite nearly ten years of simultaneous use of these marks, there has not been any instance of actual confusion. Stryker's attorneys also noted that the USPTO did not consider there to be a likelihood of confusion in granting Stryker's Registration No. 4,154,146, and Simpson has not objected to that registration for nearly five years.  Based on these facts, Stryker's attorneys submitted that there is no possibility of conflict.  A copy of the letter sent by Stryker's attorneys is attached as **Exhibit G**.

19. On March 9, 2017, Simpson's attorneys wrote a further letter to Stryker's attorneys, arguing that there was a likelihood of confusion and reiterating Simpson's demand that Stryker cease and desist from all use of the QUIKDRIVE mark.  Again, Simpson's attorneys noted that absent Stryker's prompt agreement to do so, Simpson will have no choice but to consider legal action.  A copy of Simpson's reply is attached as **Exhibit H**.

20. Stryker does not market, promote, sell, or supply its QUIKDRIVE screwdrivers for orthopedic surgery to workers in the construction trades or to any other field outside of

orthopedic or related surgery. Stryker's QUIKDRIVE screwdrivers cannot be used for construction or any application outside of orthopedic implants.

21. Upon information and belief, Simpson has never promoted or sold its QUIK DRIVE auto-feed screwdriver systems for use in orthopedic surgery or any other field related to orthopedic surgery. Simpson's QUIK DRIVE auto-feed screwdriver systems cannot be used in orthopedic surgery.

22. Upon information and belief, Stryker and Simpson have both used their respective marks for their respective products extensively since September 5, 2007, without any instance of customer confusion.

23. There is an actual controversy between the parties as Simpson asserts that Stryker's use of the mark QUIKDRIVE for specialized screwdrivers for orthopedic surgery could infringe Simpson's mark QUIK DRIVE for auto-feed screwdrivers for construction purposes when Stryker maintains that there can be no likelihood of confusion because the goods of the parties are not similar and are provided to different classes of customers through different channels of trade, and the customers for Stryker's products are highly sophisticated.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment Of Noninfringement Of Simpson's Trademark Registrations

24. Stryker repeats and realleges the allegations set forth in paragraphs 1-23, as if set forth here in full.

25. Stryker does not infringe and has not infringed Simpson's registered trademark QUIK DRIVE for the goods covered by Registration Nos. 1,544,189 and 2,133,981 because Stryker's QUIKDRIVE screwdrivers, used only for orthopedic surgery, are not the same as or similar to the goods covered by Simpson's registrations such as metal screws in class 6 and power tools in class 7.

26. Stryker's use of the mark QUIKDRIVE for specialized screwdrivers used in orthopedic surgery does not infringe Simpson's rights to the registered mark QUIK DRIVE because there is no likelihood of confusion between Stryker's QUIKDRIVE specialized screwdrivers used only for orthopedic surgery and Simpson's registered mark QUIK DRIVE for metal screws and power tools that are used for construction applications.

### SECOND CLAIM FOR RELIEF
### Declaratory Judgment Of Noninfringement
### Of Simpson's Common Law Trademark Rights

27. Stryker repeats and realleges the allegations set forth in Paragraphs 1-26, as if set forth here in full.

28. Stryker's use of the mark QUIKDRIVE for specialized screwdrivers and related products, used only for orthopedic surgery, does not infringe Simpson's common-law rights to the mark QUIK DRIVE for auto-feed screwdriver systems, used for various construction applications, because there can be no likelihood of confusion between such uses.

29. The absence of a likelihood of confusion is demonstrated by the considerable differences between the uses of the parties' respective products, their different channels of trade and classes of customers, the high sophistication of Stryker's customers, and an absence of any actual confusion despite the co-existence between these marks for nearly ten years.

### PRAYER FOR RELIEF

WHEREFORE, Stryker requests judgment as follows:

A. A declaration that Stryker's use of the mark QUIKDRIVE for screwdrivers and related products, used only for orthopedic surgery, does not infringe either of Simpson's U.S. Trademark Registration Nos. 1,544,189 and 2,133,981;

B. A declaration that Stryker's use of the mark QUIKDRIVE for screwdrivers and related products, used only for orthopedic surgery, does not infringe any common-law rights of

Simpson acquired by its use of the mark QUIK DRIVE for auto-feed screwdriver systems for construction applications;

  C. An award to Stryker of its costs and reasonable attorney fees; and

  D. Such other and further relief as the Court may deem just and proper.

              Respectfully submitted,

              MILLER JOHNSON
              Attorneys for Plaintiff, Stryker Corporation

Dated: March 31, 2017       By: s/ David J. Gass
               David J. Gass (P34582)
               D. Andrew Portinga (P55804)
              Business Address:
               45 Ottawa Avenue, S.W., Suite 1100
               P.O. Box 306
               Grand Rapids, MI  49501-0306
               Telephone:  (616) 831-1700

              LERNER, DAVID, LITTENBERG,
                KRUMHOLZ & MENTLIK, LLP
              Attorneys for Plaintiff, Stryker Corporation
               Keith E. Gilman
               Charles P. Kennedy
               Thomas M. Palisi
              Business Address:
               600 South Avenue West
               Westfield, NJ 07090
               Telephone: (908) 654-5000